UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES,<br>CDCR #F-39579,<br><br>         Plaintiff,<br><br>vs.<br><br>BONNIE DUMANIS; JESUS RODRIQUEZ; RICK CLABBY; SUMMER STEPHAN<br><br>         Defendants. | Case No.: 3:17-cv-2478-CAB-RBB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 12]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B)(ii)** |

Manuel M. Soares ("Plaintiff"), proceeding pro se and incarcerated at the California Health Care Facility ("CHCF") located in Stockton, California, has filed this civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a), but instead, filed a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2).

/ / /

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner[2] at the time of filing, even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] For purposes of the IFP statute, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions or parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has also submitted a copy of his CDCR Inmate Statement Report showing his available balance and trust account activity at CHCF. *See* ECF No. 2; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff had an available balance of zero at the time of filing. *See* ECF No. 2 at 7. Based on this accounting, the Court GRANTS Plaintiff's Motion to Proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Court will further direct the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.     Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2)**

     A.     <u>Standard of Review</u>

If a prisoner's complaint "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court "shall review" the pleading "as soon as practicable after docketing," and "dismiss the complaint, or any portion of the complaint, if [it] . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014).

Because Plaintiff is proceeding IFP, his Complaint is subject to a sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all

allegations of material fact and must construe those facts in the light most favorable to the plaintiff.").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.  Plaintiff's Allegations

On August 18, 2016, Plaintiff claims that he wrote a letter to then San Diego District Attorney Bonnie Dumanis "regarding evidence of criminal tampering and fraud in Plaintiff's criminal conviction." (Compl. at 7.) Plaintiff admits that he is not "actually innocent" but appears to allege that there was fraud during his criminal proceedings that led to a longer sentence imposed on him. (*Id.*) In this letter Plaintiff wrote "I did what I did but did not do the excessive damage that was depicted to the jury at trial." (*Id.*, Ex. 1, correspondence dated Aug. 18, 2016).

On April 13, 2017, the Plaintiff received a "response back from the Office of the District Attorney's Conviction Review Unit" indicating that they had received his application. (*Id.* at 7.) On April 23, 2017, Plaintiff wrote to "Defendant Jesus Rodriquez" providing "additional information and evidence." (*Id.*)

On June 15, 2017, Plaintiff received a response from the "Conviction Review Unit" indicating that they "decline[d] to further investigate your claim of innocence at this time." (*Id.*, Ex. 3, correspondence dated June 15, 2017). Plaintiff was informed that his application did not qualify for "conviction review by our unit." (*Id.*) Plaintiff wrote a response to the "Conviction Review Unit" on June 21, 2017 disputing the findings made in the June 15, 2017 letter. (*Id.*, Ex. 3, correspondence dated June 21, 2017.) Specifically, Plaintiff wrote "I am imprisoned based on a conviction secured by false evidence within which a crime scene was compromised and 'tampered'." (*Id.*) Plaintiff

5

wrote an additional letter on October 24, 2017 notifying the District Attorney's office that he was intending to "seek civil action against you and your offices if this issue is not properly addressed and investigated." (*Id.*, Ex. 5, correspondence dated Oct. 24, 2017.)

On November 15, 2017, the "Conviction Review Unit" wrote to Plaintiff indicating that they had "completed its review of [Plaintiff's] letter dated October 24, 2017" and informed him that they "still decline any further investigation of your claim." (*Id.*, Ex. 5, correspondence dated Nov. 15, 2017.) Again, they found that Plaintiff did not "provide credible and verifiable evidence of innocence." (*Id.*)

Plaintiff alleges that the "Conviction Review Unit had constructive knowledge of evidence in their possession that fraud was committed <u>and</u> through their custom, policy or practice did nothing to properly investigate <u>or</u> <u>address</u> <u>any</u> of the information or questions presented and submitted for review." (*Id.* at 10.)

Plaintiff seeks injunctive relief in the form of an order compelling the "Conviction Review Unit to investigate and address this evidence," as well as compensatory and punitive damages." (*Id.* at 18.)

C.   <u>42 U.S.C. § 1983</u>

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

As an initial matter, Plaintiff has not alleged the violation of any "right secured by the Constitution or laws of the United States" whatsoever. *See West*, 487 U.S. at 48 (citing 42 U.S.C. § 1983). He may not rely on § 1983 as an independent, substantive claim. *See Cholla v. Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004). "[O]ne cannot go into court and claim a 'violation of § 1983'--for § 1983 by itself does

not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1056 (9th Cir. 2002). Plaintiff's § 1983 suit fails if he does not allege a plausible violation of his federal constitutional or statutory rights. *Cholla*, 382 F.3d at 978; *Iqbal*, 556 U.S. at 676 ("[A] [§1983] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Second, while Plaintiff claims that he is not seeking relief in the form of a determination of "actual innocence," he is seeking monetary damages against Defendants based on claims that he is "imprisoned based on a conviction secured by false evidence." (Compl., Ex. 3.) Plaintiff further claims the "Defendant City of San Diego[3] under color of law created <u>and</u> maintains an official practice and/or custom of failing to adequately investigate, address, train, monitor and supervise employees." (*Id.* at 16.)

Plaintiff's Complaint fails to state a claim upon which § 1983 relief can be granted because he has failed to allege facts sufficient to support a plausible claim of municipal liability on behalf of the City or County of San Diego, and because he seeks monetary damages based on criminal convictions which he does not further allege have already been invalidated.

While the City or County of San Diego may be considered a "person" properly subject to suit under § 1983, *see Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016), local governments are responsible only for "their own illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (citing *Monell*, 436 U.S. at 665-83). They are not vicariously liable

---

[3] While Plaintiff refers to the "City of San Diego" as a Defendant, there are no other factual allegations pertaining to the City of San Diego found in his Complaint. Rather, Plaintiff is seeking monetary damages against various individuals who are alleged to be employed by the Office of the District Attorney for the County of San Diego.

7

under § 1983 for their employees' actions. *Monell,* 436 U.S. at 691 ("A municipality cannot be held liable solely because it employs a tortfeasor."); *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (collecting cases); *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002) ("[R]espondeat superior and vicarious liability are not cognizable theories of recovery against a municipality.").

Therefore, Plaintiffs who seek to impose liability on local governments under § 1983 must allege that "action pursuant to official municipal policy" caused their injury. *Monell*, 436 U.S., at 691, 694; *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011). To state a claim under *Monell*, a plaintiff must allege: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91(1989)). A policy is "a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 1477 (quoting *Pembaur*, 475 U.S. at 481).

As currently pleaded, however, Plaintiff's Complaint fails to state a claim under 28 U.S.C. §§ 1915(e)(2) and § 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that the City or County of San Diego was responsible for his imprisonment "based on a conviction secured by false evidence," that it did so pursuant to a municipal custom, policy, or practice implemented or promulgated with deliberate indifference to his constitutional rights, or that any custom, policy, or practice was the "moving force" or cause of any injury he claims to have suffered. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims); *Brown*, 520 U.S. at 404 ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the

'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights.").

In addition, to the extent Plaintiff seeks damages against the City or County based on his prolonged current term of incarceration, he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing his conviction has already been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87.

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003), *quoting Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks damages based on what he claims was false evidence presented during his criminal proceedings, his claims amount to an attack on the validity of his underlying criminal conviction, and may not proceed pursuant to § 1983, unless that conviction has already been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334

F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489.[4]

If Plaintiff were to succeed in showing that he was wrongfully convicted or his sentence was lengthened based on false evidence, an award of damages would "necessarily imply the invalidity" of his conviction and/or sentence. *Id.*; *see also Guerrero v. Gates*, 442 F.3d 697, 701 (9th Cir. 2006) (finding § 1983 action stemming from allegations of wrongful arrest, malicious prosecution, and a general conspiracy of "bad behavior" among officials in connection with the plaintiff's arrest, prosecution, and incarceration were barred by *Heck*).

Finally, as prosecutors Defendants are entitled to absolute prosecutorial immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) ("Where a prosecutor acts as an advocate 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").

Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted and for seeking monetary relief against immune defendants, and that it therefore must be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

/ / /

/ / /

---

[4] The Court notes that "while California statutory law gives a county some authority to oversee a district attorney's conduct, it expressly excludes conduct related to the investigation and prosecution of crimes, giving that authority instead to the [State] Attorney General." *Weiner v. San Diego Cty.*, 210 F.3d 1025, 1030 (9th Cir. 2000) (citing CAL. GOV'T CODE §§ 26303 & 12550).

**III.  Conclusion and Order**

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 22).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failure to state a claim upon which § 1983 relief can granted and for seeking monetary damages from immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), and **DENIES** leave to amend as futile. *See Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

5. **CERTIFIES** that an IFP appeal from this Order would be frivolous, and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

/ / /
/ / /
/ / /
/ / /

6. **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: February 21, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge