UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES,<br><br>                          Plaintiff,<br><br>v.<br><br>BONNIE DUMANIS; JESUS RODRIGUEZ; RICK CLABBY; SUMMER STEPHAN ,<br><br>                        Defendants. | Case No.:  3:17-cv-2478-CAB-RBB<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT OR ORDER** |

## I.  Procedural History

On December 8, 2017, Manuel Soares ("Plaintiff"), currently incarcerated at the California Health Care Facility located in Stockton, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).  In addition, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).  On February 21, 2018, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim and for seeking monetary damages from immune defendants pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.  (Doc. No. 3 at 11-12.)

The Court also found that amendment would be futile and that an IFP appeal from this Order would be frivolous and not taken in good faith. (*Id.* at 11.) On March 15, 2018, Plaintiff filed a ""Motion pursuant to Fed.R.Civ.P. 60(b)." (Doc. No. 6.)

## I. Plaintiff's Motion

### A. Standard of Review

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b*); School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Although the application of Rule 60(b) is committed to the discretion of the district courts . . ., as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). Nevertheless, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

### B. Plaintiff's arguments

In his motion, Plaintiff states that he "believes this Court misconstrued" or was "mistaken" that Plaintiff's Complaint in this matter involved the "challenging" of his conviction. (Pl.'s Mot. at 2.) In his Complaint, Plaintiff was suing the former District Attorney of San Diego, the current Acting District Attorney, and the Deputy District Attorneys involved in the "Conviction Review Unit." (*See* Compl. at 1-2, 5-7.) He claims he wrote to Defendants "regarding evidence of criminal tampering and fraud in Plaintiff's criminal conviction." (*Id.* at 7.) Plaintiff sought relief in the form of an Order from this Court compelling the "Conviction Review Unit to investigate and address this evidence" that Plaintiff purportedly provided them. (*Id.* at 18.) Plaintiff also sought unspecified compensatory and punitive damages. (*Id.*)

The Court found, in part, that Plaintiff's allegations amounted to an attack on his underlying criminal conviction. (Doc. No. 3 at 9.) The Court informed Plaintiff that "he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing his conviction has already been invalidated." (*Id.*, citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

Plaintiff argues in his motion that he "does not challenge the validity of his criminal conviction in this civil action." (Pl.'s Mot. at 2.) Plaintiff instead argues that the purpose of this "Criminal Conviction Unit" is to "review and investigate possible fraud or any other deficiencies in a person's conviction." (*Id.* at 3.) Plaintiff argues that this unit has a "duty and means to investigate fraud" and their purported refusal to "investigate" his conviction violates his constitutional rights. (*Id.*) Plaintiff's argument supports the Court's finding that he is, in fact, alleging that his conviction is based on fraud and therefore, he is directly challenging the validity of his conviction.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). In his Complaint, Plaintiff argued that there was photographic evidence tampered with that led to his criminal conviction. (*See* Compl. at 13.) Plaintiff has already raised these claim in a petition for writ of habeas corpus that he filed in the California Court of Appeals. Fourth Appellate District Division I in 2008. *See* In re MANUEL M. SOARES, Cal.App.4th, Case No. D052293. In 2008, the California Court of Appeals for the Fourth District, in denying Plaintiff's Petition for Writ of Habeas Corpus ruled in part, as follows:

> "Petitioner's fourth issue, although cloaked as a claim of ineffective assistance of counsel, is merely a factual attack on the testimony and evidence before the jury. Petitioner attaches several photographs that he claims demonstrate the crime scene was altered by some of the witnesses. Petitioner indicates these photos were before the jury, and he testified the crime scene did not look as it had been depicted in the photos. The jury had this evidence before it and heard petitioner's testimony, resolved whatever discrepancies may have existed, and found petitioner guilty.

3

3:17-cv-2478-CAB-RBB

> Petitioner may not retry the case on habeas corpus. (*In re Lindley* (1947) 29 Cal.2d 709, 723.) To the extent petitioner alleges these inconsistencies were not fully borne out at trial, petitioner may not raise those factual discrepancies here for the first time. (*Ibid*.) Moreover, although it is not this court's province to reweigh the evidence, we conclude the photographs do not establish a prima facie case that counsel was ineffective in failing to investigate how the room was photographed and whether the crime scene was altered. (*See People v. Duvall* (1995) 9 Cal.4th 464, 474-475.) The petition is denied."

(*Id.*, Order denying petition, filed Apr. 9, 2008).

More than eight years after Plaintiff's petition was denied, he is seeking relief in this Court in the form of an Order directing the District Attorney's Office to conduct an investigation into Plaintiff's criminal trial based on the same claims he made in his habeas petition. Plaintiff claims they have a "fiduciary duty to investigate" his claims but identifies no plausible constitutional violation on the part of any of the named Defendants. (Pl's Mot. at 4.) Plaintiff has challenged the validity of his conviction in the California State Courts and he has not shown that his conviction has been invalidated.

In addition, Plaintiff is seeking relief from this Court after he was denied similar relief in the California Court of Appeal. The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct. 868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Review of state court decisions may only be conducted in the United States Supreme Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257. The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar

applies if the challenge to the state court decision is brought as a § 1983 civil rights action. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

Because Plaintiff has provided no basis for the Court to vacate or set aside its February 21, 2018 Order, relief under Rule 60 is not warranted. *See School Dist. No. 1J*, 5 F.3d at 1442; *Engleson*, 972 F.2d at 1044. A motion for reconsideration cannot be granted simply because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with its ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure 2d § 2858 (Supp. 2015) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)).

### III. Conclusion and Order

For these reasons, IT IS ORDERED that:

Plaintiff's Motion for Relief from Judgment pursuant to FRCP 60(b) (Doc. No. 6) is DENIED. The Clerk of Court shall close the file.

Dated: March 20, 2018

Hon. Cathy Ann Bencivengo
United States District Judge